IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EDUARDO ALFONSO CRUZ MAZZINI, :
:
            Movant/Defendant, :
:
v. : Criminal Action No. 10-84-JLH
:
UNITED STATES OF AMERICA, :
:
            Respondent/Plaintiff. :

---

Eduardo Alfonso Cruz Mazzini. *Pro se* Movant.

Claudia L. Pare, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for Respondent.

---

**MEMORANDUM OPINION**

April 17, 2025
Wilmington, Delaware

**Hall, District Judge:**

Movant Eduardo Alfonso Cruz Mazzini filed a Petition for Writ of Coram Nobis pursuant to the All Writs Act, 28 U.S.C. § 1651(a) ("Petition"). (D.I. 19.) The Government filed a Response in opposition to the Petition, to which Movant replied. (D.I. 25; D.I. 26.) Movant later filed an "Alternative Motion to Vacate, Set-Aside, Correct, or Withdraw Involuntary Guilty Plea." (D.I. 27.) For the reasons set forth below, both requests will be denied.

## I.     BACKGROUND

On October 21, 2010, Movant pleaded guilty to willfully and knowingly making a false statement in an application for a United States passport, in violation of 18 U.S.C. § 1542. (D.I. 16; D.I. 17.) In his Plea Agreement, Movant (1) admitted that he knowingly and willfully submitted a false passport application in which he knowingly misrepresented his name and date of birth to be that of a United States national (D.I. 17 at ¶ 3); (2) recognized that pleading guilty may have consequences with respect to his immigration status (*Id*. at ¶ 8); (3) stated that he discussed with counsel the consequences his guilty plea may have on his immigration status (*Id.*); and (4) stated that he understood the written plea agreement superseded "all prior promises, representations, and statements of the parties" (*Id*. at ¶ 9). On October 21, 2010, the Honorable Sue L. Robinson sentenced Movant to time served. (D.I. 18.)

Movant did not appeal his conviction or sentence. He was transferred to ICE custody on October 26, 2010, and immigration proceedings against him began in November 2010. (D.I. 26-1 at 2, 6.) On January 7, 2011, Movant was ordered removed to El Salvador, and he waived his right to appeal that decision. (D.I. 26-1 at 15–16, 21.) He was removed on February 18, 2011. (D.I. 26 at 2; D.I. 26-1 at 18.) It appears that Movant re-entered the United States without authorization approximately one year later, in 2012. (D.I. 26 at 3.)

On May 13, 2013, Movant filed a DS-11 Passport Application for his son in Windsor Locks, Connecticut. (D.I. 26-2.) As a result, an ICE Fugitive Unit attempted to locate Movant for removal proceedings. (D.I. 26 at 2; D.I. 26-2 at 3–4.) It appears that ICE did not succeed in locating Movant.

Between 2018 and 2024, Movant filed with the United States Citizenship and Immigration Services ("USCIS") three applications for different types of immigration status: (1) an application for a U visa in 2018 (D.I. 22 at 7); (2) an application for Amerasian, Widower, or Special Immigrant status in December 2023 (D.I. 22 at 6); and (3) an application for "Entrepreneur Parole" status in March 2024 (D.I. 22 at 5). On August 25, 2023, USCIS determined Movant's 2018 Petition for Nonimmigrant Status was bona fide; as a result, USCIS issued Movant an employment authorization document and placed Movant in deferred action for a four-year period. (D.I. 26 at 2; D.I. 26-2 at 6–7.)

## II.    LEGAL PRINCIPLES

The writ of *coram nobis* provides a method for challenging a federal conviction where an individual who is no longer in federal custody – and thus ineligible for relief pursuant to 28 U.S.C. § 2255 – continues to suffer collateral consequences as a result of that conviction. *See Ragbir v. United States*, 950 F.3d 54, 60–63 (3d Cir. 2020). In the Third Circuit, there are five prerequisites for obtaining *coram nobis* relief: (1) the movant is no longer in custody; (2) he suffers continuing consequences from the allegedly invalid conviction; (3) he provides sound reasons for not seeking relief from the conviction earlier; (4) he had no available remedy at the time of trial; and (5) he asserts error of a fundamental kind. *Id.* at 62. A "petition for [a writ of error *coram nobis*] must be denied if even one element is not satisfied." *United States v. DeCastro*, 49 F.4th 836, 842 (3d Cir. 2022).

### III. DISCUSSION

Movant challenges his 2010 conviction on the grounds that (1) he received ineffective assistance because his counsel convinced him to plead guilty in exchange for receiving a "Special Visa Immigration Benefit" from the Government and failed to adequately advise him about the immigration consequences of his guilty plea; and (2) he was induced to take a guilty plea in exchange for a promise by the Government to provide the promised "Special Visa Immigration Benefit." (D.I. 19 at 5–6.)

The Court agrees with the Government that Movant cannot establish all five prerequisites for obtaining the writ, at least because he has not provided "sound reasons for failing to seek relief earlier." *Ragbir*, 950 F.3d at 62. Even if Movant didn't understand the immigration consequences of his guilty plea at the time of his sentencing in October 2010, he should have when he was placed into removal proceedings one month later, in November 2010. And he surely did when he was ordered removed in January 2011. But even if the Court were to accept Movant's argument that he had sound reasons for failing to challenge his 2010 conviction until after he illegally reentered the United States in 2012, he has not provided a sound reason for not seeking relief between 2012 and 2023. His fear that any contact with the justice system might alert ICE to his presence in the United States does not constitute an acceptable or sound reason for the delay. *Ragbir*, 950 F.3d at 64 (affirming denial of *coram nobis* relief due to unjustified six-year delay). Given Movant's failure to satisfy the third prerequisite for *coram nobis* relief, the Court need not assess the other prerequisites.

### IV. ALTERNATIVE MOTION

Movant has also filed a document styled, "Alternative Motion to Vacate, Set-Aside, Correct, or Withdraw Involuntary Guilty Plea." (D.I. 27.) To the extent Movant is seeking relief

4

under 28 U.S.C. § 2255, such relief is unavailable, because he is no longer in federal custody on his 2010 conviction. *See, e.g., Pileggi v. United States*, 2022 WL 2375166, at *2 (M.D. Pa. June 30, 2022).

## V.    CONCLUSION

For the reasons discussed, the Court will deny both requests for relief. An appropriate Order will be entered.