**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

EDUARDO ALFONSO CRUZ MAZZINI, :
                                                              :
                    Movant/Defendant,    :
                                                              :
        v.                                               :    Criminal Action No. 10-84-JLH
                                                              :
UNITED STATES OF AMERICA,         :
                                                              :
                    Respondent/Plaintiff. :

---

**MEMORANDUM ORDER**

Pending before the Court is Movant Eduardo Alfonso Cruz Mazzini's "Motion for Reconsideration of Denial and Dismissal of Petition for Writ of Coram Nobis" (D.I. 31) and "Alternative Request for Clarification of Judicial Record" (D.I. 31 at 16).  Movant subsequently filed a "Supplemental Legal Brief in Support of Motion for Reconsideration and Clarification" and "Memorandum of Law." (D.I. 32.)  The relevant background was set forth in the Court's April 17, 2025 Memorandum Opinion (D.I. 29 at 2-3) and will not be repeated here.

Movant cites Federal Rules of Civil Procedure ("FRCP") 59(e)[1] and FRCP 60(b)(6).[2]  (D.I. 32 at 1, 4.)  Movant claims that the Court misapplied *Ragbir v. United States*, 950 F.3d 54

---

[1]    To prevail on a Rule 59(e) motion, the movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *See United States ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848–49 (3d Cir. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).  Movant claims the Court committed an error of law and fact.  (D.I. 32 at 2, 4.)

[2]    FRCP 60(b)(6) provides that a party may file a motion for relief from a final judgment for "any other reason that justifies relief" other than those identified therein.  FED. R. CIV. P. 60(b)(6).  Granting such a motion is warranted only in the "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (internal quotation marks and citation omitted).

(3d Cir. 2020), when it determined that he failed to provide sound reasons for failing to seek coram nobis relief earlier.  (D.I. 32 at 2, 4.)  Movant argues that he provided records that substantiate his concern that filing his petition earlier "would have posed an imminent and credible threat of arrest or removal."  (D.I. 31 at 2.)

The Court, however, did not base its decision on whether Movant's concern was legitimate or whether he provided evidence to substantiate that concern.  Rather, the Court determined that such a concern is not a sufficient legal basis for failing to file his Petition earlier.  Movant has failed to demonstrate that the Court committed an error of law or fact or that a manifest injustice exists as required for him to obtain relief under Rule 59(e).

Movant has also failed to demonstrate an extraordinary circumstance that warrants relief under Rule 60(b)(6).  *See Weber v. Pierce*, 186 F. Supp. 3d 324, 328 (D. Del. 2016) (Rule 60(b) motion is not appropriate to reargue issues that have been considered and decided).

NOW, THEREFORE, at Wilmington, on this 7th day of April 2026, **IT IS HEREBY ORDERED** that:

1.      Movant's Motion for Reconsideration of Denial and Dismissal of Petition for Writ of Coram Nobis (D.I. 31) is **DENIED**.

2.      Movant's Alternative Request for Clarification of Judicial Record (D.I. 31 at 16) is **DENIED**.  Paragraph 3 of the Memorandum of Plea Agreement signed by Movant provides that Movant "admits that he knowingly and willfully submitted a false passport application at the United States Post Office in New Castle, Delaware, on his own behalf, in which he misrepresented his name and date of birth to be that of a United States national, knowing that such information was false."  (D.I. 17 at 1-2.)

3.      Movant's Motion for Ruling on Pending Motions (D.I. 33) is **DISMISSED as moot**.

_____
The Honorable Jennifer L. Hall
United States District Judge